IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE JAMES TERRELL, JR., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-441(MTT) |
| PATRICIA DENIESE DAVIS, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends that Plaintiff Terrell's motions for a temporary restraining order and preliminary injunctions be denied. Doc. 29. The Plaintiff does not appear to have objected to those recommendations. *See* Doc. 33. Even reviewing the motions de novo pursuant to 28 U.S.C. § 636(b)(1) in an abundance of caution, the Court adopts the findings, conclusions, and recommendations of the Magistrate Judge as to the Plaintiff's motions for a TRO and preliminary injunction. That Recommendation (Doc. 29) is **ADOPTED** and made the order of the Court, and accordingly, the Plaintiff's motions (Docs. 12; 24) are **DENIED**.

The Magistrate Judge also recommends that Defendants Corporal Dixon and Corporal Kitchens's motion to dismiss (Doc. 17) be granted. Doc. 29. The Plaintiff has objected, reiterating his claim that he was told the issue was non-grievable and claiming that exhaustion is an issue of fact for trial. Doc. 33 at 3-4. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed that portion of the Report and Recommendation de

novo, and for the following reasons, the Recommendation as to the Defendants' motion to dismiss is **REJECTED**, and that motion (Doc. 17) is **DENIED**.

Terrell brought this suit as an inmate *pro se* under 42 U.S.C. § 1983. The only remaining claim is against Defendants Dixon and Kitchen, officers at Washington State Prison, for deliberate indifference to medical needs in violation of Terrell's Eighth Amendment rights. Doc. 22. Allegedly, the Plaintiff needed urgent medical care and was transported to the hospital on July 22, 2017. Doc. 29 at 4-5. The Defendants, who had accompanied Terrell to the hospital, "prevented the medical professionals from performing the recommended x-rays and CT-Scans" in order to "'protect the state's budget.'" Doc. 29 at 5.

The Defendants move to dismiss for failure to exhaust prison grievance procedures, as required by the PLRA. Docs. 17, 17-1. The Plaintiff does not contend that he filed a grievance, but he claims instead that administrative remedies were unavailable. Doc. 27 at 3, 8. As the Recommendation notes, there are three circumstances in which administrative remedies might be unavailable:

> (1) the procedure is a "dead end" and incapable of providing relief, (2) the procedure if it is so opaque that it is unknown or unknowable to the inmates, and (3) prison employees prevent inmates from taking advantage of grievance procedures through "machination, misrepresentation, or intimidation[.]"

Doc. 29 at 7; *Ross v. Blake*, 136 S. Ct. 1850, 1859-1860 (2016). Here, the Plaintiff argues in his response that he had been told by multiple prison officers, including the chief counselor, that

> "any incident occurring at an outside facility is beyond the agencies [sic] control therefore, it is non-grievable or not a grievable issue, but a civil matter that must be pursued outside of the agency, because it was beyond the control of the agency."

Doc. 29 at 6; Doc. 27 at 3. The Defendants maintain the incident was actually grievable under the prison's SOP, and the Court sees no reason, for the purposes of this motion, to doubt that. Doc. 17-1 at 3-7. But the Plaintiff's allegation, which is uncontradicted (Defendants did not file a reply), implicates *Ross v. Blake*'s third category, where the inmate is thwarted from filing a grievance by the prison employees' misrepresentation. While *Ross* itself recognizes this category of unavailability, 136 S. Ct. at 1860, its discussion is fairly brief. It recognizes, however, that "appellate courts have addressed a variety of instances in which officials misled or threatened officials" to prevent their use of procedures, citing, as one of several examples, *Davis v. Hernandez*, 798 F.3d 290, 295 (5th Cir. 2015). *Ross*, 136 S.Ct. at 1860, 1860 n.3.

*Davis* recognized two complementary principles: first, that a prisoner's mere ignorance of grievance procedures will not make exhaustion unavailable, so long as the inmate had a fair and reasonable opportunity to learn about those procedures. *Davis*, 798 F.3d at 295. The Defendants present evidence that Terrell had a fair and reasonable opportunity to learn about those procedures. The second principle, however, is that "[g]rievance procedures are unavailable to an inmate if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). In that case, the court applied that rule by reversing the trial court's grant of summary judgment for the defendant based on the plaintiff's failure to appeal a grievance within the prison's grievance system. *Id.* at 296. The failure to exhaust defense failed because the "jail staff" had told the plaintiff that the grievance process included only a single step, not an appeal. *Id.* So even though the plaintiff

there, like Terrell, could have learned the truth of the grievance procedures from materials available at the prison, he was still "entitled to rely on the representations of his jailers." *Id*. Terrell was likewise entitled to rely on the representations of the officers at his prison.

Although *Davis* is not controlling precedent, the Eleventh Circuit does not appear to have ruled on unavailability due to misrepresentation under *Ross*. Because the Supreme Court references *Davis* as an example of what it means by misrepresentation (and because the Defendants do not cite any authority of their own on the issue), the Court takes *Davis* as persuasive here.

Accordingly, the Recommendation erred by finding the Plaintiff failed to exhaust all available remedies under *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Taking the Plaintiff's version of events as true, the Court finds the grievance procedure was clearly "unavailable" to Terrell, due to staff misrepresentation, under *Ross v. Blake*. Terrell did not, therefore, fail to exhaust his available administrative remedies. Moving on to *Turner*'s second step, the Defendants have not produced any evidence disputing the Plaintiff's claim that prison officials told him the hospital incident was non-grievable. *See* Doc. 27 at 3, 8. And the Defendants do not appear to address that issue in their filings.[1] The Court therefore finds, for the purposes of resolving this motion, that Plaintiff's claim regarding the prison employees' misrepresentation is true. Additionally, the Defendants' affidavit and exhibits go to show three things: first, that the Plaintiff did not file a grievance for the hospital incident; second, that the incident was actually grievable; and third, that the Plaintiff had a reasonable opportunity to learn that it was

---

[1] As noted, the Defendants did not file a reply.

grievable from the SOP. *See generally* docs. 17-1, 17-2, 17-3, 17-4, 17-5. The Court accepts those three statements as true for the purposes of resolving this motion. However, it still finds that the prison's misrepresentation rendered the grievance procedure unavailable under *Ross*.

Accordingly, the Magistrate's Recommendation that the Defendants' motion to dismiss (Doc. 17) be granted is **REJECTED**, and that motion is **DENIED**. The Magistrate's Recommendation concerning the Plaintiff's motions for a TRO and preliminary injunctions is **ADOPTED**, and those motions (Docs. 12; 24) are **DENIED**.

**SO ORDERED**, this 20th day of September, 2018.

s/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT