IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIE JAMES TERRELL, JR., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-441(MTT) |
| PATRICIA DENIESE DAVIS, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends denying Plaintiff Terrell's first motion to compel and granting the Defendants' motion for summary judgment. Doc. 59. After the Recommendation was entered, the Court received numerous documents from the Plaintiff, including a second motion to compel (Doc. 60), two motions for an extension of time to file objections (Docs. 65; 68), a motion to vacate the Magistrate Judge's Order and Recommendation (Doc. 70), and a "Motion to Remand; or Return; or Reject Pursuant Rule 72, FRCP" (Doc. 72). For reasons discussed below, those motions are **DENIED**. The Court also treats the Plaintiff's filings as objections, so pursuant to 28 U.S.C. § 636(b), the Court reviews the Recommendation de novo. After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 59) is **ADOPTED**, and the Defendants' motion for summary judgment (Doc. 46) is **GRANTED**.

**I. Background**

The Plaintiff alleges he was assaulted by other inmates and was injured in his chest, elbow, and hip. Doc. 59 at 1. Prison medical staff referred him for CT scans and X-rays. *Id.* at 2. On August 3, he was transported to a regional hospital and then to a hospital in Augusta for X-rays of his pelvis, arm, and chest, as well as CT scans of his head and neck. *Id.* Although the medical imaging revealed no abnormalities apart from soft-tissue swelling in the elbow, the Plaintiff now believes he had a broken arm at the time and continues to suffer from a hairline fracture in his hip. *Id.* at 3. He brought suit against Defendants Kitchens and Dixon, who accompanied him to the hospital, for deliberate indifference to serious medical needs, alleging they attempted to dissuade the Plaintiff and the doctors from performing some of the X-rays and CT scans. *Id.*

**II. Plaintiff's Second Motion to Compel**

The Plaintiff's first motion to compel sought documents related to the deposition and additional time to compare his written deposition with the videotape of his deposition to check for errors. *See generally* Doc. 55. The deposition was taken in November 2018, and the Plaintiff submitted corrections in January 2019 and drafted his motion to compel in February 2019, but he did not mail it to the Court until April 18, 2019, so the Magistrate Judge denied that motion for undue delay. Docs. 46-22 at 1; 55-1 at 1; 55 at 2; 59 at 4. The Magistrate Judge also denied the motion because the Plaintiff "articulate[d] no specific grounds to impugn the integrity of the transcription process." Doc. 59 at 4.

This second motion, which seeks audio files of the deposition for purposes of making corrections, was drafted on March 14, 2019 and appears to have been mailed

on May 18, 2019. Docs. 60-1 at 1; 60 at 12-14. As with the first motion, "it cannot be said that Plaintiff acted 'promptly' after any errors or irregularities in his deposition became 'known or, with reasonable diligence, could have been known.'" Doc. 59 at 4. The Plaintiff states, in conclusory fashion, that the Defendants interfered with his legal mail, but nowhere does he explain his delay in filing the motions to compel.[1] Doc. 68 at 1-4. Also, as with the first motion, the Plaintiff provides no grounds to question the integrity of the court reporter's transcription. For those same reasons, the second motion to compel (Doc. 60) is **DENIED**.

### III. Plaintiff's Motions for an Extension of Time

The Plaintiff also moved for an extension to file his objection. Docs. 65; 68. His first motion cites Federal Rule of Civil Procedure 60(b) for the proposition that the Court can grant relief from a final judgment, order, or proceeding based on excusable neglect. *Id.* at 1. Rule 60, however, does not apply, because the Recommendation is not a final decision. In fact, the Court has difficulty making sense of what this "motion" is, but in an abundance of caution, the Court treats it as an objection to the Recommendation and reviews de novo the portions of the Recommendation to which the Plaintiff objects.

The Plaintiff also wishes for additional time in which to submit copies of an October 2017 X-ray which shows soft-tissue swelling in his elbow. To the extent the Plaintiff is moving for an extension of time to object, that motion (Doc. 65) is **DENIED**. As noted in the Recommendation, the Plaintiff's litigation behavior has been consistently characterized by delay, and there is no indication, apart from the Plaintiff's conclusory

---

[1] For example, the Plaintiff alleges he did not receive a store order containing postage stamps on April 18-19, 2019, due to the actions of various prison staff who are not defendants in this litigation. But those allegations are not at all relevant to the delay, noted by the Magistrate Judge, from February 2019 until April 18, 2019. Docs. 59 at 4; 55-1 at 1.

allegation of "missing records," that he could not have submitted this evidence earlier. Doc. 65 at 4. Also, it is clear to the Court that if he were allowed to submit the October 2017 X-ray, it would not make any difference. Even prolonged soft-tissue swelling is not the sort of "serious medical need" that, "if left unattended, poses a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

The Plaintiff's second motion for an extension of time states in conclusory fashion: "Defendants counterparts inference with outgoing legal mail and non-legal mail; in addition to denial of legal supplies and or limiting law library sessions around or near dead-lines of responsive pleadings or magistrates R/R. Also undue delay of incoming and outgoing legal mail by (2) two months and non-legal mail." Doc. 68 at 1. The motion also alleges the Plaintiff "has endured numerous dorm lockouts to the institutional gym only to return and find his current work materials and product lost, missing, or confiscated." *Id.* at 4-5.

The motion's bare, conclusory allegations do not provide a basis for granting an extension. Further, the Plaintiff has had ample opportunity to consider and respond to the Magistrate Judge's Recommendation, as evidenced by his motion to vacate the Recommendation, which the Court fully considers as an objection, despite its being untimely.[2] *See* Doc. 70. In short, the allegations of mail tampering are vague and non-specific, and even if they were more specific, the Plaintiff has already had ample opportunity to consider and respond to the Recommendation. The Plaintiff's second request for an extension of time (Doc. 68) is **DENIED**.

---

[2] The document indicates it was prepared on May 28, 2019, twenty days after the Clerk entered proof of service for the Recommendation.

**IV. "Motion to Remand; or Return; or Reject Pursuant Rule 72, FRCP"**

On July 16, 2019, the Plaintiff filed another motion (Doc. 72). Rule 72 of the Federal Rules of Civil Procedure allows parties to object to a Magistrate Judge's orders on non-dispositive motions (Rule 72(a)) or recommendations on dispositive motions (Rule 72(b)(2)) within 14 days of service of a copy of the order or recommendation. Whether the Plaintiff is objecting to the Magistrate Judge's Order regarding the motion to compel or to the Recommendation to grant summary judgment, the objection is more than a month late. *See* Docs. 59 at 9; 72 at 1, 14. The Court, therefore, need not consider it. Even if were timely, however, the filing consists mostly of the Plaintiff's personal medical opinions (Doc. 72 at 1-6) and quotes at length from his deposition (*id.* at 7-13). Nothing in the filing calls into question the Magistrate Judge's Order on the first motion to compel or Recommendation on the motion for summary judgment, provides any justification for reopening discovery, or indicates a serious medical need.

**V. Report and Recommendation**

As noted above, the Magistrate Judge recommends granting the Defendants' motion for summary judgment. Specifically, the Magistrate Judge found, based on the X-ray reports and the Plaintiff's own admission, that the Plaintiff did not suffer any objectively serious medical needs. Doc. 59 at 8. Additionally, the Magistrate Judge found that despite whatever comments the Defendants may have made concerning proposed treatment, there is no evidence that the Plaintiff did not receive any treatment that he should have received. *Id.* at 9-9. Accordingly, the Defendants were not deliberately indifferent to the Plaintiff's medical needs, so the Magistrate found the Defendants were entitled to qualified immunity. *Id.*

The Plaintiff's objections (Docs. 61; 62; 65; 68; 70; 72) do not undermine either conclusion. As to serious medical needs, the Plaintiff claims he still had soft-tissue swelling "nearly three months later." Doc. 65 at 3. Again, the Plaintiff provides no indication that such swelling is an objectively serious medical need. The Plaintiff also claims he never stated he was okay (Doc. 62 at 10); that the X-ray report did not say his bones *were* intact, only that they *appeared* to be intact (id. at 17); that one doctor voiced support for the idea of doing a full-body CT scan (although every area the Plaintiff now alleges is injured, was scanned) (Docs. 62 at 27); that doctors prescribed him ibuprofen despite its potential for harmful side effects (Doc. 68 at 2); and other arguments of varying degrees of relevance. None of the objections undermine the Magistrate Judge's conclusions.

Finally, the Plaintiff also argues there is a fact issue as to whether he exhausted his remedies in the prison grievance system. Docs. 61 at 1-10; 62 at 1-10, 21-24. However, even if the Plaintiff had exhausted his remedies, the Defendants would still be entitled to summary judgment on the grounds noted above. In fact, the Magistrate Judge recommends rejecting the Defendants' exhaustion argument but granting summary judgment on the merits of the deliberate indifference claim. The Plaintiff's exhaustion arguments, therefore, have no bearing on the Recommendation. Because the Court accepts the Recommendation and the Plaintiff has provided no grounds to question it, the motion to vacate (Doc. 70) is **DENIED**.

### VI. Conclusion

For the reasons noted, the Plaintiff's second motion to compel (Doc. 60), two motions for extension of time to file an objection (Docs. 65; 68), motion to vacate (Doc.

70), and "Motion to Remand; or Return; or Reject Pursuant Rule 72, FRCP" (Doc. 72) are **DENIED**. Also, after de novo review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 59) is **ADOPTED** and made the Order of the Court. Accordingly, the Defendants' motion for summary judgment (Doc. 46) is **GRANTED**, and the claims against Defendants Dixon and Kitchens are **DISMISSED with prejudice**.

**SO ORDERED**, this 22nd day of July, 2019.

s/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT