**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **WILLIE JAMES TERRELL, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:17-CV-441 (MTT)** |
| | ) | |
| **PATRICIA DENIESE DAVIS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Plaintiff Terrell moves for the Court to issue subpoenas and for a second extension of time to file a motion for reconsideration. Docs. 84; 85; 86; 87.

The motion for a second extension of time to file a motion for reconsideration (Doc. 86) is **GRANTED**. The Plaintiff shall have up to and including **October 18, 2019** to file a motion for reconsideration. For the following reasons, the motions for the issuance of subpoenas (Docs. 84; 85; 87) are **DENIED**.

## I. BACKGROUND

The Plaintiff alleges he was assaulted by other inmates and was injured in his chest, elbow, and hip. Doc. 59 at 1. Prison medical staff referred him for CT scans and X-rays. *Id.* at 2. On August 3, he was transported to a regional hospital and then to a hospital in Augusta for X-rays of his pelvis, arm, and chest, as well as CT scans of his head and neck. *Id.* Although the medical imaging revealed no abnormalities apart from soft-tissue swelling in the elbow, the Plaintiff now believes he had a broken arm at the time and continues to suffer from a hairline fracture in his hip. *Id.* at 3. He brought suit

against Defendants Kitchens and Dixon, who accompanied him to the hospital, for deliberate indifference to serious medical needs, alleging they attempted to dissuade the Plaintiff and the doctors from performing some of the X-rays and CT scans. *Id.* On July 22, 2019, the Court adopted the Magistrate Judge's Recommendation to grant the Defendants' motion for summary judgment as to all claims. Doc. 77. The Court granted the Plaintiff's motion for an extension of time to file a motion for reconsideration. Doc. 82.

The Plaintiff now moves for the issuance of subpoenas. He wishes the Court to subpoena Verizon Wireless, Inc. for the Defendants' text messages and multimedia messages. Doc. 84. He also requests the Court to subpoena medical records and expert testimony from various doctors and to order a doctor to submit "a written/typewritten opinion comparing the images and reports to make a determination of worsening of conditions; and is a disability claim of impairment most likely to result." Docs. 84; 84-1; 84-2; 85-1.

## II. DISCUSSION

Those requests are denied. First, the time for discovery has passed—in fact, judgment was entered on July 23, 2019—and the Plaintiff has not shown any justification for allowing additional discovery at this late stage. *See* Fed. R. Civ. P. 16(b)(4) (stating a schedule may only be modified for good cause). The discovery period was ninety days from the date the Defendant filed an answer or dispositive motion. Doc. 11 at 14. The Defendants filed a motion to dismiss on March 30, 2018; the Court entered a stay pending resolution of the motion to dismiss on April 2, 2018; and, as the Court explained to the Plaintiff, "discovery automatically recommenced in

this case upon the resolution of the Defendants' motion to dismiss on September 20, 2018." Docs. 20; 35; 38. Discovery, therefore, expired in December 2018. Eight months later and after the entry of judgment, the Plaintiff, in effect, moved to compel the production of more documents and evidence to bolster his claims. The motion is untimely. And even if the motion were not untimely, the requested subpoenas are clearly overbroad, unduly burdensome, and unnecessary.

### III. CONCLUSION

For those reasons, the Plaintiff's motions for a subpoena (Docs. 84; 85; 87) are **DENIED**. The motion for an extension of time to file a motion for reconsideration (Doc. 86) is **GRANTED**. The Plaintiff has up to and including **October 18, 2019**, to file a motion for reconsideration.

**SO ORDERED**, this 1st day of October, 2019.

s/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT